**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONAI EL-SHADDAI<br>a/k/a JAMES R. WILKERSON,<br><br>          Plaintiff,<br><br>   v.<br><br>KEN CLARK, WARDEN, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-00103-SMS<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM FOUND TO BE COGNIZABLE<br><br>(Doc. 1) |

**Screening Order**

Plaintiff Adonai El-Shaddai, a/k/a James R. Wilkerson,[1] is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on January 5, 2009.

**I.**    **Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff adopted a religious name, Adonai El-Shaddai, upon his conversion to Islam. In light of the numerous documents appended to plaintiff's complaint which identify him by his committed name, James R. Wilkerson, and of the uncertainty regarding the present legal status of plaintiff's religious name, both plaintiff's religious name and committed name have been included in the caption.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, plaintiff must set forth the legal and factual basis for his claim.

**II.     Plaintiff's Claim**

   **A.     Factual background**

The genesis of this case is plaintiff's failure to receive two containers of prayer oil.  The relevant background has been determined from various documents appended to the complaint and incorporated by reference, including a Second Level Appeal Response to a prior administrative

2

1  proceeding (Log No. CEC-C-08-00460), dated May 28, 2008.[2]  In that proceeding, plaintiff
2  contended that custody staff at Centinela State Prison ("Centinela") denied him packages and
3  prayer oil in retaliation for his use of his religious name.[3]

4        Plaintiff had brought at least two prior grievances concerned, at least in part, with his
5  failure to receive packages and prayer oil.  In the course of a prior grievance proceeding, prison
6  staff told plaintiff that they had contacted two suppliers, Halalco Books and Access Securepak,
7  both of which reported having no record of a package shipped to plaintiff's religious or committed
8  name.  Thus, at the Informal (first) Level of Review, plaintiff's appeal was denied because (1)
9  Access reported that plaintiff's package had been returned because the name and CDC number did
10 not match, and (2) Dawah Books, supplier of prayer oil, reported that they had sent no packages to
11 an inmate whose CDC number was 08083.  Plaintiff then advised staff that his CDC number is C-
12 08082, not C-08083.

13       According to the Second Level Appeal Response (Log No. CEC-C-08-00460), plaintiff re-
14 ordered the missing packages using his committed name and correct CDC number.  The Access
15 order was received at Centinela but returned to Access because of damaged contents.  Plaintiff
16 finally received a replacement Access package on April 28, 2008.  Plaintiff did not receive the
17 prayer oils ordered from Dawah.

18       Because prison personnel could not provide an original order date, Dawah could not
19 determine whether the replacement prayer oils had ever been sent.  Accordingly, the Second Level
20 Appeal Response directed plaintiff to re-submit his order, which Dawah had agreed to send
21 immediately upon receipt.

22       Plaintiff did not receive the written Second Level Appeal Response before he was
23 transferred from Centinela to the California Substance Abuse Treatment Facility ("SATF") at
24 Corcoran, California, on June 12, 2008.  On July 16, 2008, while residing at SATF, plaintiff wrote
25 to Dawah, requesting the promised replacement order.

---

[2] The Second Level Appeal Response (Log No. CEC-C-08-00460) was issued in the third of three administrative appeals submitted by plaintiff.

[3] Plaintiff and prison officials and staff have also had a series of disputes relating to plaintiff's use of his religious name which are not relevant to this appeal.

3

1    On August 25, 2008, the SATF mailroom notified plaintiff that his package from the
2  Dawah, containing prayer oil, had been disapproved since Dawah was not an approved vendor.[4]
3  Plaintiff immediately submitted an inmate appeal to Sgt. Pugliesce in the mailroom with a
4  grievance form seeking issuance of or reimbursement for the prayer oils. He attached a copy of the
5  second level response that had granted him reimbursement for the prayer oil and directed him to
6  submit a new order to Dawah. Plaintiff contends that Zinani deliberately misplaced or destroyed
7  this appeal.

8    On September 13, 2008, plaintiff again filed an appeal, indicating that he had not received a
9  response to his August 25, 2008, appeal.

10   On September 25, 2008, plaintiff submitted three appeals to defendant Clark after Zinani
11  refused to accept and process them. Clark forwarded these appeals to Zinani on or about October
12  3, 2008. Plaintiff contends that Zinani deliberately misplaced or destroyed these appeals.

13   On October 30, 2008, plaintiff filed a staff complaint against Zinani for knowingly and
14  deliberately destroying plaintiff's appeals. Zinani rejected the complaint on November 3, 2008,
15  claiming the appeal was duplicative of a prior appeal and that a Form 602 appeal could not be filed
16  regarding a CDC 695 Screening Form.

17   On November 5, 2008, plaintiff resubmitted his appeal, specifically noting that he was not
18  appealing a CDC Form 695 Screening Form but was filing a staff complaint against Zinani for
19  knowingly and deliberately destroying plaintiff's appeals. Plaintiff included a notice that, pursuant
20  to California Code Regs. § 3084.5(e), Zinani was prohibited from participating in the review of a
21  complaint against himself. On November 13, 2008, Zinani returned the appeal to plaintiff,
22  indicating the appeal had been cancelled. Plaintiff then forwarded the appeal to defendant Grannis
23  on November 16, 2008. Grannis rejected the appeal on December 9, 2008, noting that the appeal
24  had been rejected, withdrawn or cancelled, and referred plaintiff back to Zinani.

25   Plaintiff names as defendants Zinani, SATF warden Ken Clark, and N. Grannis, CDCR's
26  chief of inmate appeals.

---

[4] Separate lists of approved local vendors apply to each California prison. *See* Cal. Code. Regs. title 15, § 3190(b).

4

**B.     Denial of Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *overruled in part on other grounds by Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990)(per curiam). The right extends to prison grievance procedures. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989); *Hines v. Gomez*, 853 F.Supp. 329, 331 (N.D.Cal. 1994). "The 'government' to which the First Amendment guarantees a right of redress of grievances includes prison authorities, as it includes other administrative arms and units of governments." *Bradley*, 64 F.3d at 1279, *quoting Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Further, because the Prison Litigation Reform Act, 42 U.S.C. § 1997 *et seq.*, requires prisoners to exhaust administrative remedies before initiating a §1983 action in federal court, denying access to prison grievance procedures has the potential to preclude an inmate's right of access to federal civil rights remedies. *Bradley*, 64 F.3d at 1279. "The reality and substance of any prisoner's protected rights are only as strong as his ability to seek relief from the courts or otherwise petition the government for redress of the deprivation of his rights." *Id.* at 1280.

To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and cannot be waived. *See Lewis*, 518 U.S. at 349; *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (*citation and internal quotations omitted*). Plaintiff's loss of the opportunity to recover his prayer oil by resolving the conflict between the remedy ordered in the Centinela grievance and SATF's denial of the package constitutes an actual injury.

"[I]ntentional obstruction of the right to seek redress of grievances 'is precisely the sort of oppression that . . . section 1983 [is] intended to remedy.'" *Hines*, 853 F.Supp. at 331, *quoting Franco v. Kelly*, 854 F.2d 584, 585-86 (2d Cir. 1988) (*internal quotations omitted*). Plaintiff's complaint sets forth a cognizable claim for denial of access to the courts.

### C. Plaintiff's First Claim for Relief

Plaintiff sets forth his first claim as a single allegation: "Defendant(s) has deprived rights, privileges and immunities access grievance procedure that has been established for prisoner in the State of California." The court cannot discern from this abbreviated allegation whether the first claim is merely duplicative of plaintiff's second claim for denial of court access or whether plaintiff intended to assert an additional, separate claim against the same defendants. If plaintiff intends to pursue a separate claim, its nature is unclear. Accordingly, this order will permit plaintiff either to amend claim one to clarify the nature of his claim or to proceed only on his claim of denial of access to the courts.

## III. Conclusion and Order

Plaintiff's complaint states a claim against defendants under the First and Fourteenth Amendments for denial of court access but fails to clearly allege a claim in its first count. This Court will provide plaintiff with the opportunity to file an amended complaint curing the deficiency identified in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding against defendants only on his denial-of-court-access claim, plaintiff may so notify the court in writing. The court will then forward to plaintiff three summonses and three USM-285 forms for completion and return. Upon receipt of the completed forms, the Court will direct the United States Marshal to initiate service of process on defendants.

If Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), aff'd, 525 U.S. 299 (1999); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, *supra*, 814 F.2d at 567; *accord* Forsyth, *supra*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The first claim of plaintiff's complaint fails to state a cause of action upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed against defendants only on claim two, alleging denial of access to the courts;

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a Court order.

IT IS SO ORDERED.

**Dated:   October 5, 2009**                          /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE