# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONAI EL-SHADDAI aka<br>JAMES R. WILKERSON,<br><br>               Plaintiff,<br><br>   v.<br><br>KEN CLARK, WARDEN, et al.,<br><br>               Defendants.<br>_____/ | 1:09-cv-00103-SMS-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br>(Doc. 14.)<br><br>ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF<br>(Docs. 13, 15.)<br><br>THIRTY DAY DEADLINE |

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff Adonai El-Shaddai aka James R. Wilkerson[1] ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation, and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 5, 2009. (Doc. 1.) On January 26, 2009, Plaintiff consented to the jurisdiction of a Magistrate Judge, and no other parties have appeared in this action. (Doc. 6.) Therefore, pursuant

---

[1] Plaintiff adopted a religious name, Adonai El-Shaddai, upon his conversion to Islam. In light of the numerous documents attached to Plaintiff's amended complaint which identify him by his committed name, James R. Wilkerson, and of the uncertainty regarding the present legal status of Plaintiff's religious name, both Plaintiff's religious name and committed name have been included in the caption.

1

to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court screened Plaintiff's complaint under 28 U.S.C. § 1915A and issued an order on October 6, 2009, requiring Plaintiff to either file an amended complaint or notify the court that he was willing to proceed on the claims found cognizable by the Court. (Doc. 12.) On October 16, 2009, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 14.)

Plaintiff has also filed two motions for preliminary injunctive relief, in which he requests the Court to order prison officials to process all of his CDC-602 Inmate Appeals, to refrain from retaliating against him for filing this action or any CDC-602 Inmate Appeal, and to refrain from transferring him to another institution during the pendency of this action. (Docs. 13, 15.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff, who is currently incarcerated at Centinela State Prison in Imperial, California, brings this action for violations of his rights under the First Amendment of the United States Constitution. The events at issue occurred when Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California ("SATF"). Plaintiff names as defendants Ken Clark (Warden of SATF), S. Zinani (Appeals Coordinator at SATF), and N. Grannis (Chief of Inmate Appeals) ("Defendants"). Plaintiff alleges that Defendants refused to issue him prayer oils, in violation of his rights to practice his religion, and failed to process his inmate appeals, denying him access to the courts. Plaintiff alleges the following facts.

On September 25, 2008, Plaintiff sent three inmate appeals to defendant Clark because defendant Zinani had refused to process the three appeals. Based upon a follow-up letter to defendant Clark on October 15, 2008, the appeals were then forwarded to defendant Zinani who deliberately misplaced or destroyed the appeals, as well as another appeal dated August 25, 2008.

On October 30, 2008, Plaintiff submitted a staff complaint against Zinani for destroying the appeals. On November 3, 2008, Zinani rejected the appeal as a duplicate and because Plaintiff filed it on the wrong form.

On November 5, 2008, Plaintiff resubmitted the appeal to Zinani with notice that it was a staff complaint. Pursuant to CCR 3084.5(e), Zinani was prohibited from participating in the reviewing process. On November 13, 2008, Zinani returned the appeal with a second response stating the appeal had been cancelled.

On November 16, 2008, Plaintiff forwarded the appeal to defendant Grannis for a Third Level response. On December 9, 2008, Grannis rejected the appeal and referred Plaintiff back to Zinani.

On September 13, 2008, Plaintiff submitted a second CDC-602 appeal when Zinani failed to answer the August 25, 2008 appeal concerning Plaintiff's religious artifacts (prayer oils), and

///

///

Zinani refused to give Plaintiff the prayer oils, directing Plaintiff to attach supporting documents that Plaintiff had submitted with the original appeal that was destroyed by Zinani.[2]

On October 8, 2008, Plaintiff submitted a complaint to the CDC Office of Internal Affairs with a CDC-602 appeal Zinani had refused to process, requesting an investigation into Zinani's refusal to process the appeal. Plaintiff did not receive an answer before filing this lawsuit.

## IV. PLAINTIFF'S CLAIMS

### A. Claim Against Defendant Clark

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff seeks to impose liability on Warden Ken Clark based on his legal responsibility for the operation of SATF and for the welfare of the prisoners incarcerated there. (Doc. 14, Amend. Comp. at 4 ¶3.) Plaintiff's amended complaint does not describe any personal act by Defendant Clark during the appeals process or in the violation of Plaintiff's religious rights. The allegation that Plaintiff sent appeals and a follow-up letter to Defendant Clark does not show personal participation by Defendant Clark in the deprivation of Plaintiff's rights. Defendant Clark's position as warden, alone, does not render him liable for the conduct of his staff, and Plaintiff fails to state a claim against him.

///

---

[2] Plaintiff submits as Exhibit B a copy of his CDC-602 appeal dated September 13, 2008, in which he requests receipt of the prayer oils he ordered from the Dawah Book Shop.

**B.      Violation of State Law and Due Process Clause**

To the extent that defendant Zinani violated state law, section 1983 provides no avenue for redress as the violation of state law does not form the basis for a federal constitutional claim. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Further, Plaintiff may not proceed on a claim for violation of the Due Process Clause because there is no federally protected interest at stake with respect to the prison grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

**C.      Denial of Access to the Courts**

Plaintiff's claim for denial of access to the courts also fails. Because Plaintiff does not have a constitutionally protected right to a grievance procedure or to the processing of his grievances, e.g., Ramirez, 334 F.3d at 860, Defendants' refusal to process Plaintiff's appeals, without more, provides no basis for the imposition of liability under section 1983. Under certain circumstances not presented here, the wrongful rejection of an appeal that leads to the dismissal of qualifying litigation might give rise to a claim for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-55 (1996).

Inmates have a fundamental constitutional right of access to the courts. Id. at 346. However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court, id., and an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury, id. at 351.

Until and unless Plaintiff suffers an "actual injury" to a case as a result of a wrongful rejection of his appeal, no claim for denial of access to the courts accrues. Id. In this instance, Plaintiff filed suit on January 5, 2009, at which time no actual injury had yet occurred as a result of the rejection of Plaintiff's appeals. Therefore, Plaintiff fails to state a claim against any of the defendants for denial of access to the courts.

### D. Free Exercise Claim

Plaintiff alleges that Defendants have violated his rights to practice his religion. "Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

Plaintiff is entitled to a *reasonable* opportunity to practice his religion. Cruz v. Beto, 405 U.S. 319, 322 (1972). The Constitution does not require prison officials to immediately accede to every request for accommodation that happens to be based in religion.

Plaintiff cannot base his religious claim on Defendants' refusal to process his appeals requesting receipt of the prayer oils he ordered. As stated above, Plaintiff does not have a constitutionally protected right to a grievance procedure or to the processing of his grievances. Plaintiff offers no other facts in the amended complaint demonstrating that any of the defendants substantially burdened the practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, or that he has not been afforded a reasonable opportunity to practice his religion. Therefore, Plaintiff fails to state a claim for denial of his rights to free exercise of religion.

### E. Preliminary Injunctive Relief

On October 16, 2009 and January 15, 2010, Plaintiff filed motions for preliminary injunctive relief, requesting the court to order prison officials to process all of his CDC-602 Inmate Appeals, to refrain from retaliating against him for filing this action or any CDC-602 Inmate Appeal, and to refrain from transferring him to another institution during the pendency of this action. (Docs. 13, 15.)

///

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

The case or controversy requirement cannot be met with regard to Plaintiff's requests for court orders requiring prison officials to refrain from retaliating against him for filing this action or any CDC-602 Inmate Appeal, and to refrain from transferring him to another institution during the pendency of this action. These issues Plaintiff seeks to remedy bear no relation, jurisdictionally, to the past events at SATF giving rise to this suit. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998).

With regard to Plaintiff's request for Defendants to process all of his CDC 602 Inmate Appeals, the court lacks jurisdiction because none of the defendants have yet appeared in this action. As stated above, a federal court "m*ay not attempt to determine the rights of persons not before the court*." Zepeda, 753 F.2d at 727 (emphasis added). Furthermore, at this stage in the proceedings,

Plaintiff has not stated any claims for relief which are cognizable under federal law.[3]  As a result, the Court has no jurisdiction at this time to award any preliminary injunctive relief.  Accordingly, Plaintiff's motions for preliminary injunctive relief shall be denied.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under section 1983 against any of the Defendants.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).   Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after January 5, 2009.  In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on January 5, 2009.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Second Amended Complaint should be clearly

---

[3] By this order, the court dismisses Plaintiff's First Amended Complaint, with leave to amend, for failure to state a claim.

and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim, with leave to file a Second Amended Complaint within **thirty (30) days** from the date of service of this order;
3. Plaintiff shall caption the Second Amended Complaint "Second Amended Complaint" and refer to the case number 1:09-cv-00103-SMS-PC;
4. Plaintiff's motions for preliminary injunctive relief, filed on October 16, 2009 and January 15, 2010, are denied; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:**    **April 12, 2010**          /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE